## In re "AGENT ORANGE" PRODUCT LIABILITY LITIGATION.

### MDL No. 381.

United States District Court,
E.D. New York.

May 9, 1985.

Leonard Rivkin, Rivkin, Leff, Sherman & Radler, Garden City, N.Y., Philip Pakula, Townley & Updike, Wendell B. Alcorn, Jr., Cadwalader, Wickersham & Taft, William Krohley, Kelley, Drye & Warren, Thomas Beck, Arthur, Dray & Kalish, New York City; Bruce Hecker, Shea & Gould, New York City, of counsel; David R. Gross, Budd, Larner, Kent, Gross, Picillo & Rosenbaum, New York City, Paul V. Esposito, Lewis, Overbeck & Furman, Chicago, Ill., Henry G. Miller, Clark, Gagliardi & Miller, White Plains, N.Y., for defendants-third party plaintiffs.

Richard K. Willard, Arvin Maskin, Patrick O. Cavanaugh, U.S. Dept. of Justice,

Washington, D.C.; Raymond J. Dearie, U.S. Atty., E.D.N.Y., Brooklyn, N.Y., for third-party defendant U.S.

## MEMORANDUM

WEINSTEIN, Chief Judge:

Defendants, who produced Agent Orange and sold it to the United States, were sued by various veterans and civilians who claimed to have been injured by the product. The manufacturers brought third party actions against the government and now seek indemnity and contribution for payments made in settlement of the independent claims of plaintiff veterans' wives and children. The government moves to dismiss. That motion must be granted.

The veterans' direct claims against the government and the derivative claims of their wives and children have been dismissed as barred by the *Feres* doctrine; the wives' and children's direct claims against the government have been dismissed for failure to offer any proof of a causal connection between Agent Orange and their alleged injuries. *See, e.g., In re "Agent Orange" Product Liability Litigation,* 603 F.Supp. 239 (E.D.N.Y.1985) (dismissing actions against government by veterans, wives and children); *Fraticelli v. Dow,* 611 F.Supp. 1285 (E.D.N.Y.1985) (dismissing claims by civilians against government).

Third party plaintiffs settled the basic class action by paying $180 million—some portion of which could be allocated to the direct claims of the wives and children. *See In re "Agent Orange" Product Liability Litigation,* 597 F.Supp. 740 (E.D.N.Y. 1984) (fairness of settlement); 611 F.Supp. 1296 (E.D.N.Y.1985) (approving settlement and fixing fees). The government refused to participate in negotiations leading to this settlement. 597 F.Supp. at 879 (letter of government to court). It now resists defendants' attempts to force it to contribute to that portion of the fund which may be used for the wives and children. Disposition of the settlement fund is still under consideration by the court.

Third party defendants as well as third party plaintiffs agree that Agent Orange cannot be shown to have caused any injury to any member of the class. Causation cannot be established by evidence presently available for any member of the class. *Cf.* 611 F.Supp. 1223 (E.D.N.Y.1985) (dismissing claims against opt-out veterans); *Fraticelli v. Dow,* 611 F.Supp. 1285 (E.D.N.Y. 1985) (dismissing claims against civilians); *Hogan v. Dow,* 611 F.Supp. 1290 (E.D.N.Y. 1985) (same). Even assuming that there were some validity to the claims of the members of the class, *cf. In re "Agent Orange" Product Liability Litigation,* 597 F.Supp. 740, 782–95 (E.D.N.Y.1984), there is no way, at the present time, the government can be found liable to plaintiffs. Thus, there can be no basis for a third party claim.

There were good reasons for third party plaintiffs to settle the case. *See In re "Agent Orange" Product Liability Litigation,* 597 F.Supp. 740, 749 (E.D.N.Y.1984). The government was and is within its legal rights in refusing to contribute. That the position of the Department of Justice of benign detachment from this aftermath of the Vietnam War may be cruel to the veterans who served their country and feel that the government has turned its back on them in this litigation is beside the point. That the government may be short-sighted in its refusal to assist contractors who voluntarily produced at government request what amounted to critical war supplies during a foreign crisis is equally irrelevant. Undoubtedly, the United States will pay a high price for its present position. In the future many contractors will require indemnification and increased insurance costs will be added to the price of the goods the government purchases. There will be lingering resentment by veterans and their families who believe that the government has let them down. These matters of good faith and equity are not, however, considerations that the court may take into account under the Federal Tort Claims Act. As counsel for third party plaintiffs admitted at oral argument, there is no case where, under the circumstances of this litigation, a

third party defendant has been held liable. Transcript at 126 (April 15, 1985).

In the absence of some form of misfeasance, the Federal Tort Claims Act precludes recovery. *Laird v. Nelms,* 406 U.S. 797, 799, 92 S.Ct. 1899, 1900–01, 32 L.Ed.2d 499 (1972); *Dalehite v. United States,* 346 U.S. 15, 45, 73 S.Ct. 956, 972, 97 L.Ed. 1427 (1953). The rule is no different where the claim is against a third party defendant. *Cf. Northwest Airlines, Inc. v. Transport Workers Union,* 451 U.S. 77, 86–88, 101 S.Ct. 1571, 1577–1579, 67 L.Ed.2d 750 (1981). Nor does the fact that the case was settled rather than tried avoid the need to prove some delict. *The Toledo,* 122 F.2d 255, 257 (2d Cir.), *cert. denied sub nom. Isbrandtsen-Moller Co. v. Toledo,* 314 U.S. 689, 62 S.Ct. 302, 86 L.Ed. 551 (1941).

Third party plaintiffs' position that they were unaware of the possible dangers of Agent Orange and were misled to their detriment by the government's failure to reveal what it knew in the mid-1960s has no basis in fact. The government and the defendants had essentially the same knowledge about possible dangers from dioxin in Agent Orange. *See In re "Agent Orange" Product Liability Litigation,* 611 F.Supp. 1223, 1263 (E.D.N.Y.1985).

The third-party claims of defendants against the government in any case pending under MDL 381 are dismissed. Any extant claims by the government against defendants or any other party are also dismissed.

SO ORDERED.